# Exhibit A

Insurance Commissioner
**ACCEPTED SOP**
JAN 25 2023
TIME: 4pm

**COPY**
ORIGINAL FILED
JAN 04 2023
MICHAEL J. KILLIAN
FRANKLIN COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR FRANKLIN COUNTY

OAKDELL EGG FARMS, INC., a Washington corporation,

Plaintiff,

v.

GREAT AMERICAN E&S INSURANCE COMPANY, a foreign corporation,

Defendant.

NO. 23 2 50004 11

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICE ACT

Oakdell Egg Farms, Inc. ("Oakdell") alleges as follows:

**INTRODUCTION**

1. **Summary of Action.** This is an action for declaratory judgment, breach of contract, and bad faith seeking, *inter alia*, a declaration of the rights and duties of Oakdell and Great American E&S Insurance Company ("Great American") under Policy Nos. PRC2644578-03 (the "Policy"). The Policy provides coverage for stock recoveries, market withdraws, and recalls of Oakdell's insured products.

2. An outbreak of Highly Parthenogenic Avian Influenza ("HPAI") was detected at Oakdell's corporate-affiliate's Lewiston, Utah farm in April 2022. The United States

COMPLAINT - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Department of Agriculture ("USDA") and Utah State Department of Agriculture and Food ("UDAF") ordered and recommended that Oakdell euthanize all its hens and destroy all its eggs as a method to contain the highly contagious virus. Oakdell tendered the HPAI Claim to Great American under policy no. PRC2644578-03. Great American denied coverage.

3. Through this lawsuit, Oakdell seeks to challenge Great American's denial of coverage for the HPAI Claim. Oakdell seeks:

(a) Declaratory relief;

(b) Damages for breach of Great American's contractual duties under the Policy;

(c) Damages for Great American's bad faith and violations of the Washington Consumer Protection Act ("WCPA") and the Washington Unfair Claims Settlement Practices Act, including actual, compensatory, and multiplied damages;

(d) Pre-judgment and post-judgment interest; and

(e) Attorneys' fees and costs incurred by Oakdell in pursuing its insurance claim and prosecuting this action, pursuant to the WCPA and the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991), and its progeny.

## THE PARTIES

4. **Plaintiff Oakdell.** Oakdell is a corporation organized under the laws of the State of Washington with its principal place of business in Pasco, Washington. Oakdell operates farms in Washington. Oakdell's corporate affiliate, Ritewood, Inc., operates farms in Idaho and Utah, including the Lewiston, Utah farm where the April 2022 HPAI outbreak occurred. Oakdell sells

COMPLAINT - 2

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

all the eggs that Ritewood produces. Oakdell sells conventional, organic, and cage-free eggs for sale in eleven states, including Washington.

5. **Defendant Great American.** Great American is a foreign insurance company, incorporated under the laws of Ohio, with its principal place of business in Cincinnati, Ohio.

## JURISDICTION AND VENUE

6. **Jurisdiction.** This Court has subject matter jurisdiction under RCW 2.08.010 and RCW 7.24.020. It has personal jurisdiction because Great American conducts business in Franklin County and because some of the actions and events giving rise to this cause of action occurred in Franklin County.

7. **Venue.** Venue is proper under RCW 48.05.220, which provides: "Suits upon causes of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose." It is also proper under RCW 4.12.025.

## STATEMENT OF FACTS

8. **The Insurance Policy.** Great American insured Oakdell under a product liability policy, no. PRC2644578-03, in effect from 10/08/2021 to 10/08/2022. The Policy has a limit of insurance of $5,000,000 Each Insured Event and in the Aggregate for the Policy Period, excess of a Self-Insured Retention ("SIR") of $250,000 Each Insured Event. The Policy contains several endorsements, and the Insuring Agreement is provided on form PRC 7004 (Ed. 07/17).

9. **The Covered Loss.** The Policy covers an "Insured Event," as defined in the Policy. The Policy defines an "Insured Event" as either (1) a "Governmental Determination" that results in a stock recovery, market withdraw, or recall of the "Insured Product," or (2) an "Accidental Contamination" that results in a stock recovery, market withdraw, or recall of the "Insured Product."

10. The "Governmental Determination" coverage is triggered by the HPAI Claim because:

    (a) There was an order and recommendation issued to Oakdell by regulatory bodies, including the USDA and UDAF;

    (b) The government regulator's order and recommendation has resulted in a stock recovery, market withdraw, and/or recall of Oakdell's insured products; and

    (c) The regulators determined that the use or consumption of Oakdell's insured products was reasonably likely to result in property damage to other poultry flocks and cause injury to people.

11. The "Accidental Contamination" coverage is triggered by the HPAI Claim because:

    (a) There was an accidental or unintentional contamination of Oakdell's insured products;

    (b) The contamination occurred during or as a result of the production, preparation, processing, manufacturing, packaging, or distribution of Oakdell's products;

    (c) This resulted in a voluntary or involuntary stock recovery, market withdraw, and/or recall of Oakdell's products; and

    (d) The use or consumption of Oakdell's products would have resulted in property damage to other poultry flocks and injury to people if the products were sent into the stream of commerce.

COMPLAINT - 4

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

12.     Oakdell has sustained an insured "Loss" as defined in the Policy, in excess of the $250,000 SIR.

13.     **The Denial of Coverage.** Great American denied coverage for Oakdell's HPAI Claim in a July 18, 2022, letter. Great American denied coverage under the "Governmental Determination" and "Accidental Contamination" insuring agreements. It also denied coverage under the Policy's "Livestock" exclusion.

14.     On December 21, 2022, Oakdell sent an IFCA notice to Great American challenging its unreasonable denial of coverage and providing it with an opportunity to "cure" its violations of Washington law.

15.     Oakdell has complied with any and all conditions precedent to bringing this action.

## FIRST CLAIM: DECLARATORY JUDGMENT

16.     **Incorporation by Reference.** The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

17.     **Coverage Under the Policy.** A real and justiciable controversy exists over the coverage provided to Oakdell for the HPAI Claim, under policy no. PRC2644578-03, including the scope and extent of coverage and/or benefits.

18.     **Estoppel.** Great American articulated the basis for its coverage position in writing to Oakdell via letter dated July 18, 2022. In the event Great American seeks to add to or change the basis of its denial of Policy benefits, a real and justiciable controversy exists over whether Great American is estopped from doing so. These estoppel principles are addressed, *inter alia*, in *Vision One v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501 (2012), *Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, No. 09-CV-01807 RSM, 2012 WL 223904 (W.D. Wash.

COMPLAINT - 5

GORDON | 600 University Street
TILDEN | Suite 2915
THOMAS | Seattle, WA 98101
CORDELL | 206.467.6477

Jan. 25, 2012), and *Karpenski v. Am. Gen. Life. Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014).

19. **Declaratory Relief.** Oakdell is entitled to a declaration by this Court that the full $5 million limit of liability is due from Great American and that Great American is estopped from raising any defenses to coverage other than as might have been provided prior to the filing of this action or the change in Oakdell's financial position taken in reliance on and expectation of Great American abiding by the Policy.

## SECOND CLAIM: BREACH OF CONTRACT

20. **Incorporation by Reference.** The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

21. **Breach of Contract.** Great American breached the contract of insurance at issue by failing or refusing to pay for the full amount of Policy benefits it owes as a result of the HPAI Claim, failing to conduct a reasonable investigation of the Claim, misrepresenting the terms of the Policy and/or failing to explain the basis for its limited payments, and not otherwise discharging its obligations under the Policy.

22. **Damages.** As a direct and proximate result of Great American's breach of the insurance contract, Oakdell has been prejudiced and deprived of the benefits of its insurance coverage under the Policy. Oakdell is entitled to a money judgment against Great American for the Claim and any and all other damages, benefits, and reimbursements to which Oakdell is entitled under the provisions of the Policy, plus any and all consequential damages flowing from that breach.

23. **Additional Damages.** As another direct and proximate result of Great American's breach, Oakdell has been forced to incur attorney fees and other expenses in order to

prosecute this action and is entitled to reimbursement of these fees and expenses in accordance with the principles announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 11 P.2d 673 (1991), and its progeny.

### THIRD CLAIM: INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. **Incorporation by Reference.** The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

25. **Duty of Good Faith and Fair Dealing.** Great American owes Oakdell a statutory and common law duty of good faith and fair dealing. Pursuant to that duty, Great American is obliged to refrain from taking any action that is unreasonable or unfounded. Great American is likewise required to deal fairly with Oakdell and give equal consideration to (and not put its own interests ahead of) Oakdell's financial interests.

26. **Great American Acted in Bad Faith.** Great American breached its duty of good faith and fair dealing as set forth in this Complaint, including by unreasonably withholding Policy payments, conducting an unreasonable investigation, unreasonably denying coverage, improperly applying Policy terms, failing to fully disclose Policy benefits and coverages, placing its financial interests ahead of Oakdell's, failing to abide by the Washington Administrative Code, WAC 284-30-330, and not attempting in good faith to effectuate prompt, fair, and equitable settlements of Oakdell's Claim.

27. **Damages.** As a direct and proximate result of Great American's breach of the covenant of good faith and fair dealing, Oakdell has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM: VIOLATION OF THE WASHINGTON
## UNFAIR CLAIMS SETTLEMENT PRACTICES ACT (WAC 284-30, *ET SEQ.)*
## AND THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86)

28. **Incorporation by Reference.** The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

29. **Violation of WAC 284-30,** *et seq.* Washington has adopted the Unfair Claims Settlement Practices Act under Chapter 284-30, *et seq.* of the WAC. Great American violated the Unfair Claims Settlement Practices Act, including separate provisions of WAC 284-30-330, as described above.

30. **Damages.** The violation of one provision of the Unfair Claims Settlement Practices Act is a *per se* violation of the WCPA, entitling Oakdell to the exemplary damages, attorney fees, and costs. Great American also committed non *per se* violations of the WCPA.

## RESERVATION TO ASSERT CLAIMS FOR VIOLATION OF
## THE INSURANCE FAIR CONDUCT ACT (RCW 48.30.015)

31. **Incorporation by Reference.** The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

32. **IFCA Notice.** On December 22, 2022, Oakdell filed a 20-day IFCA Notification Sheet with the Office of the Insurance Commissioner. This written notice, along with the bases for Oakdell's IFCA cause of action, was also provided to Great American. Oakdell reserves the right to add a cause of action for IFCA should Great American fail to cure its IFCA violations and resolve the bases for Oakdell's IFCA claim.

33. **General Reservation.** Oakdell reserves the right to amend this Complaint to add additional facts and claims as permitted by the Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Oakdell prays for the following relief:

A.  **Declaratory Judgment.** That this court declare and decree that Great American is liable for its full $5 million limit of liability under policy no. PRC2644578-03 for the HPAI Claim.

B.  **Breach of Contract.** That this court declare and decree that Great American breached policy no. PRC2644578-03 for the HPAI Claim.

D.  **Extra Contractual Violations.** That this court declare and decree that Great American breached the covenant of good faith and fair dealing, violated the Washington Administrative Code 284-30, *et seq.* and the Unfair Claims Settlement Practices Act, and violated the WCPA with respect to its denial of coverage for the HPAI Claim.

E.  **Money Damages.** That Oakdell be awarded money damages in its favor and against Great American for the Claim, and any and all other damages, benefits, and reimbursements to which Oakdell is entitled under the provisions of the Policy, at common law, or under the WCPA, together with pre-judgment and post-judgment interest.

F.  **Attorneys' Fees and Costs of Suit.** That Oakdell be awarded its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

G.  **Other Relief.** For such further relief as the Court deems just, proper, and equitable.

DATED this 22nd day of December, 2022.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Oakdell Egg Farms, Inc.

By _____
Greg D. Pendleton, WSBA #38361
Brendan Winslow-Nason, WSBA #39328
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
bwinslow-nason@gordontilden.com
gpendleton@gordontilden.com

COMPLAINT - 10

GORDON TILDEN THOMAS CORDELL | 600 University Street Suite 2915 Seattle, WA 98101 206.467.6477